**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA B., <br>                       Plaintiff, <br> v. <br> Andrew M. SAUL, Commissioner of Social Security, <br>                       Defendant. | Case No.: 18-cv-0755-BEN-AGS <br><br> **REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT MOTIONS** |

In rejecting a Social Security disability benefits application, an Administrative Law Judge pointed to three suitable jobs for this vision-impaired plaintiff. But she lacks the required reasoning skill for two of those jobs. And the third involves distinguishing colors, a real problem for her. Because this Court doubts that she can do any of the identified work, the case should be reversed and remanded.

## BACKGROUND

Plaintiff Maria B. applied for disability benefits based on her impaired vision and other health issues. (AR 21-22.) At Step Two of the five-step disability evaluation process, the ALJ concluded that Maria had several "severe" conditions, including multiple sclerosis and migraine headaches. (AR 21.) But the judge found that her vision problems were not "severe" and thereafter did not consider them. (AR 21-22.) At Step Four, the judge found that Maria was only able to do "light work" and further restricted her to "one and two step

1

routine tasks." (AR 24.) Based on these limitations, a vocational expert testified that Maria could find work as a "garment bagger," "inspection and hand packer," or "survey worker." (AR 28.) So, at Step Five, the ALJ concluded that she was employable and not disabled.

## DISCUSSION

On appeal, Maria argues that she cannot perform any of these proposed occupations. She claims that the ALJ erred in analyzing her employability by: (1) improperly ignoring the effect of her lost color vision, and (2) failing to reconcile her "one and two step routine tasks" limitation with the identified jobs. (ECF No. 15, at 12, 15.)

**A.  Step Two: Severity of Vision Impairment**

Before reaching the issue of employability, the Court must first resolve whether Maria's vision problems were "severe." At Step Two, the claimant has the burden of showing "a medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 140-41, 146 n.5 (1987). That burden is slight. The Step Two severity inquiry is a "de minimis screening device used to dispose of groundless claims," and an ALJ may only find an impairment to be non-severe if that conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (alterations omitted).

Although the ALJ ruled that Maria's visual impairment was non-severe, the medical evidence establishes the opposite. The ALJ focused entirely on Maria's visual acuity, not her deteriorating ability to distinguish colors. (*See* AR 22 ("20/40 on the right; 20/30 on the left," with correction).) In fact, the ALJ identified *no* evidence to suggest Maria's color-vision deficits were manageable. On the other hand, the administrative record is replete with evidence of her color-vision troubles. (*See, e.g.*, AR 55 ("she has a hard time seeing colors"); AR 61 ("color changes in vision in both eyes"); AR 70 ("deficiency, acquired color vision OS [left side]"); AR 348 ("has lost color vision in the left eye"); AR 355 ("[decreased] color vision red looks grey"); AR 502 ("losing color perception in her eyes due to M.S."); *see also* AR 37, 40, 44, 51, 63, 65, 356, 360, 436, 489.)

2

This mountain of color-vision evidence is more than enough to meet the de minimis Step Two severity threshold. Thus, Maria's color-vision impairment is "severe," and the Social Security Administration erred by holding otherwise.[1]

**B.     Step Five: Capacity for Other Work**

This Step Two error infected the Step Five analysis, when the ALJ failed to account for Maria's severe color-vision deficiency in analyzing the jobs she could handle. And the ALJ's Step Five errors were not confined to the color-vision issue.

At Step Five, the ALJ "has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [her] identified limitations.'" *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). To that end, the ALJ looks to the Department of Labor's *Dictionary of Occupational Titles*, which sets forth the physical and educational prerequisites for various jobs. *Id*. at 846.

When a vocational expert testifies that a claimant "can perform an occupation involving [*Dictionary*] requirements that appear more than the claimant can handle," the ALJ must "reconcile the inconsistency." *Zavalin*, 778 F.3d at 846. "For a difference between an expert's testimony and the Dictionary's listings to be fairly characterized as a conflict, it must be obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).  In other words, "the testimony must be at odds with the Dictionary's listing of job requirements that are essential, integral, or expected." *Id.* If the ALJ fails to resolve such a conflict, the resulting "gap in the record" may require reversal. *Zavalin*, 778 F.3d at 846.

**1.  *Garment Bagger—Color Vision Requirements***

The vocational expert testified that Maria could work as a "garment bagger" (AR 28), which requires the use of color vision "occasionally." *See Bagger (Garment;*

---

[1] In fairness to the ALJ, some of the color-vision evidence was added to the record later, during the Appeals Council's review. (*See* AR 37-70.) Nonetheless, when new evidence is included before the Appeals Council, "that evidence becomes part of the administrative record," and the district court "must consider [it] when reviewing the Commissioner's final decision." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

3

*Laundry & Rel.), 920.687-018*, Dictionary of Occupational Titles, 1991 WL 687965 (Jan. 1, 2016). The ALJ failed to resolve the conflict between this job prerequisite and Maria's apparently disqualifying color-vision impairment, which was error.

### 2. *Survey Worker and Hand Packager—Reasoning Requirements*

Maria complains that the ALJ also failed to reconcile the conflict between her limited reasoning ability and the other two jobs picked for her—"survey worker" and "inspection and hand packager." The Commissioner does not argue otherwise, with good reason. The ALJ restricted Maria to "one and two step routine tasks" (AR 24), which corresponds to Level 1 reasoning, the lowest level. *Appendix C – Components of the Definition Trailer*, Dictionary of Occupational Titles, 1991 WL 688702 (G.P.O) (Jan. 1, 2016). By contrast, both these jobs require more complex reasoning skills. *See Inspection and Hand Packager (Plastic Prod.), 559.687-074*, Dictionary of Occupational Titles, 1991 WL 683797 (Jan. 1, 2016) (inspection and hand packager: Level 2 reasoning); *Survey Worker (Clerical) Alternate Titles: Interviewer; Merchandising Representative; 205.367-054*, Dictionary of Occupational Titles, 1991 WL 671725 (Jan. 1, 2016) (survey worker: Level 3 reasoning). *See generally Appendix C – Components of the Definition Trailer*, Dictionary of Occupational Titles, 1991 WL 688702 (G.P.O) (Jan. 1, 2016) (explaining the various reasoning levels).

So, the ALJ erred by failing to resolve the apparent conflict between Maria's minimal reasoning skills and the higher reasoning requirements of these two jobs. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015) (finding reversible error when the "ALJ did not recognize the apparent conflict" between the claimant's "Level One reasoning" limitation to "one to two step tasks" and the vocational expert's testimony that claimant could handle jobs requiring "Level Two reasoning"); *Zavalin*, 778 F.3d at 847 (finding reversible error for "failing to reconcile [the] apparent conflict" when the ALJ "did not ask the expert to explain why a person with Zavalin's [Level 2 reasoning] limitation could nevertheless meet the demands of Level 3 Reasoning" in the identified jobs).

### C. Harmless Error Analysis

An ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The only possible harmless-error argument here would be that garment baggers' "occasional" color-vision duties do not occur frequently enough for Maria's impairments to be disqualifying. The Social Security Administration defines the term "occasionally" as "from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9P (S.S.A.), 1996 WL 374185, at *3 (July 2, 1996). Since a garment bagger may need to distinguish colors up to a third of the time, this Court cannot deem harmless the ALJ's failure to meaningfully grapple with Maria's eye problems.

### D. Remedy

Because the ALJ's errors prevent this Court from relying on any of the identified jobs, the Court must decide "whether to remand . . . for additional evidence, or simply to award benefits." *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Courts generally remand for calculation of benefits when: (1) the record is "fully developed"; (2) the ALJ failed to provide "legally sufficient reasons for rejecting evidence"; and (3) crediting the rejected evidence as true, the ALJ would be required to find the claimant disabled. *Id.* at 682-83. But when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled," the court should remand for further proceedings. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded for further proceedings." *Trevizo*, 871 F.3d at 682 (alterations and quotation marks omitted).

The record here is fully developed, and the ALJ committed procedural error. Yet even crediting all the color-vision evidence as true, the ALJ would not necessarily have to find Maria disabled. The vocational expert never addressed the effect of Maria's color-vision limitation on her ability to find work. "In cases where the testimony of the vocational

5

expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits." *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). The Court sees no reason to depart from that practice now, so further proceedings are in order.

## CONCLUSION

The Court recommends that Maria B.'s summary judgment motion (ECF No. 15) be **GRANTED**, defendant's cross-motion for summary judgment (ECF No. 21) be **DENIED**, and the case be remanded for further proceedings. The parties must file any objections to this report by August 22, 2019. *See* 28 U.S.C. § 636(b). A party may respond to any objection within 14 days of receiving it. Fed. R. Civ. P. 72(b)(2).

Dated: August 8, 2019

_____
Hon. Andrew G. Schopler
United States Magistrate Judge