FILED
AUG 26 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LUISA BARRETO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:18-cv-00755-BEN-AGS<br><br>**ORDER:**<br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; and**<br><br>**(4) REMANDING CASE FOR FURTHER PROCEEDINGS** |

Plaintiff Maria Luisa Barreto filed this action seeking judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits and supplemental security income benefits. Plaintiff filed a motion for summary judgment, and Defendant filed a cross-motion for summary judgment and an opposition to Plaintiff's motion.

On August 8, 2019, the Honorable Andrew G. Schopler issued a thoughtful and thorough Report and Recommendation, recommending that this Court grant Plaintiff's motion, deny Defendant's cross-motion, and remand the case for further proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (holding that when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled,"

1

the court should remand for further proceedings). In this case, the Report and Recommendation note that while the record is fully developed, the ALJ committed procedural error because the vocational expert never addressed the effect of Maria's color-vision limitation on her ability to find work. "In cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits." *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). Objections to the Report and Recommendation were due August 22, 2019. Neither party has filed any objections.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

The Court has considered and agrees with the Report and Recommendation. The Court **ADOPTS** the Report and Recommendation. (Doc. No. 24). Plaintiff's motion for summary judgment is **GRANTED**. (Doc. No. 15). Defendant's cross-motion for summary judgment is **DENIED**. (Doc. No. 21). The case is **REMANDED** for further proceedings.

**IT IS SO ORDERED.**

Dated: August ___, 2019

Hon. Roger T. Benitez
United States District Judge

2

3:18-cv-00755-BEN-AGS